IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MARYLAND

Baltimore Division

FILED ___ ENTERED
LOGGED ___ RECEIVED

JUL 2 2 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

William A White

Petitioner

v.

Susan Brown, Warden, FCI-

Cumberland

Respondent

Case No ____

BY _____ DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS

PURSUANT TO 28 USC §2241

Comes Now the Petitioner, William A White, and I hereby Petition this Court to grant me Writ of Habeas Corpus Pursuant To 28 USC §2241, vacate the Disciplinary Hearing Officer's ("DHO's") findings for incident #3818575, order Respondent Carter to expunge the report, and to restore to me 27 days of Good Conduct Time ("GCT"). In support, I state as follows:

Parties, Jurisdiction, Venue

1) I am a federal Inmate serving a sentence of 349 months imprisonment at the Federal Correctional Institution ("FCI") - Cumberland in Cumberland, Maryland, within the District of Maryland.

2) Respondent Susan Brown is the Warden of FCI-Cumberland and, thus, the proper respondent for the petition. Rumsfeld v. Padilla 542 US 426 (2004)

3) This Court has jurisdiction to hear a petition for restoration of a prisoner's Good Conduct Time ("GCT") credits pursuant to 28 USC § 3624 (b) pursuant to 28 USC § 1331 and 28 USC § 2241. Hahn v. Moseley 931 F3d 295 (4th Cir 2019) n. 7; Preiser v. Rodriguez 411 US 475 (1973)

4) Venue is proper in this District. Padilla

Factual Basis

I hereby aver under penalty of perjury this __17th__ day of July, 2024, that the following is true and correct:

5) On August 28, 2023, I shared cell #205 in unit B-1 of FCI-Cumberland with another inmate. The door of cell #205 has a window in it, and, FCI-Cumberland video camera B-A 53 can see into the cell.

6) On August 28, 2023, I entered cell #205, having returned from the shower, at about 11:10 AM. Video shows my cellmate enter the cell after me, then strike me with a closed fist. The video then shows me put my hands up as my cellmate throws more punches. The video does not show me throw a punch at my cellmate and I did not throw a punch, strike, or attempt to

strike my cellmate during this incident.

7) After the incident, I appeared in the FCI-Cumberland Lieutenant's Office. While in the Lieutenant's Office, I heard Lieutenant Durant tell SIS Officer Gary Freeman that video of the incident does not show me strike or attempt to strike my cellmate.

8) Despite the fact that the video does not show me strike or attempt to strike my cellmate, SIS Officer Freeman wrote a false incident report, #3818575, saying that the video does show me strike or attempt to strike my cellmate.

9) On September 15, 2023, Bureau of Prisons ("BOP") DHO Huff found me guilty of striking or attempting to strike my cellmate with a closed fist, saying that while the video does not show me strike or attempt to strike my cellmate with closed fist, it shows me raise my hands. Huff then sentenced me to 27 days loss of GCT, 21 days disciplinary segregation, and 120 days suspension of phone, and commissary privileges

10) Huff did not timely produce a DHO report and BOP staff destroyed my mail when I initially attempted to file administrative remedy, so, on December 12, 2023, I filed a petition for writ of habeas corpus, White v. Carter D Md Case No. 23-cv-03360. The petition was docketed December 19, 2023, and, on December 20, 2023, Huff produced a DHO report, which was served upon me January 2, 2024.

11) As a result of Huff's failure to timely produce a DHO report, I was not able to meaningfully appeal many of the sanctions imposed.

12) On May 2, 2024, I exhausted administrative remedy on Huff's DHO report.

13) On July 9, 2024, this Court dismissed White v. Carter D Md Case No. 23-cv-03360 for failure to exhaust. Though I strongly disagree with this opinion, it is cheaper to refile this matter than appeal. So, I now bring this petition.

Having so averred, I sayeth no more under oath.

<u>Argument</u>

14) "[C]onstitutional procedural due process protections extend to prison disci-
plinary proceedings that could adversely impact an inmates liberty interests.
• Lennear v. Wilson 937 F3d 257 (4ᵀᴴ Cir 2019) citing <u>Wolff v. McDonell</u>
418 US 539 (1974) ; <u>Ponte v. Real</u> 471 US 491 (1985). "[I]n a disciplinary
proceeding in which an inmate's liberty interests are at stake, government
officials must provide the inmate with written notice of the charges at least
24 hours before the hearing as well as a written report after the hearing
detailing the evidence relied upon and the reasons for the disciplinary action,"
<u>Lennear</u> citing <u>Segarra v. McDade</u> 706 F2d 1301 (4ᵀᴴ Cir 1983), <u>Wolff</u>

15) "[A] governmental decision resulting in the loss of an important liberty
interest violates due process if the decision is not supported by any evidence,
<u>Superintendent v. Hill</u> 472 US 445 (1985). Deceit by a disciplinary hearing
officer, such as the misrepresentation of evidence, violates due process.
<u>Edwards v. Balisok</u> 520 US 641 (1997)

16) The Fourth Circuit has found that prison inmates have a right to self-defense, but has not defined the scope of this right, saying that, "[W]e, of course, do not suggest that an inmate is powerless to defend himself against unprovoked or unlawful attacks." McQualg v. Walker 1988 US App LEXIS 19782 (4th Cir 1988). This accords with cases in the Second, Sixth and Ninth Circuits. See eg. McCann v. Coughlin 698 F2d 112 (2nd Cir 1983) (prisoner denied due process when unable to present a witness to corroborate self-defense defense at prison disciplinary hearing); Ward v. Russell 793 F2d 1294 (6th Cir 1986) (prisoner entitled to use a tire iron as a weapon in self-defense); Crosby v. Shim 695 Fed Appx 275 (9th Cir 2017) (assuming right to self-defense).

17) The easiest and simplest way to dispose of this motion is to grant it because I was prejudiced by Huff's failure to timely produce a DHO report.

18) The DHO also violated my due process rights by finding me involved in fighting because I raised my hands. The incident report did not charge me with raising my hands but striking or attempting to strike my cellmate with a closed fist. Because the incident report didn't charge me with raising my hands, I didn't receive the requisite written notice of the facts underlying the charges against me required by Wolff.

-6-

19) Insofar as Huff found that "I struck or attempted to strike my cellmate with my fists," this falsifies the video evidence in violation of Edwards. I request discovery of the video and an evidentiary hearing. "[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies," Lennear citing Johnson v. Finnan 467 F 3d 693 (7ᵗʰ Cir 2006).

20) Lastly, convicting me of "fighting" because I raised my hands to prevent some-one from punching me violates my right of self-defense, particularly as I did not try to strike back. This is also an opportunity for the court to define the contours of this right in a prison context.

Thus, I move this Court for an Order vacating and expunging incident report # 3818575 and restoring to me 27 days GCT.

Respectfully Submitted,

William A White # 13888-084

FCI- Cumberland
PO Box 1000
Cumberland, MD 21501

## CERTIFICATE OF SERVICE

I hereby certify that this Petition for Writ of Habeas Corpus was mailed to the Clerk of the Court, 1ST Class Postage Prepaid, this 17TH day of July, 2024

William A White