# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Baltimore Division

William A White,
Petitioner,

v.

Susan Brown, Warden, FCI-Cumberland
Respondent

Case No: 24-cv-2122-TDC

Judge Chuang

FILED ___ ENTERED
LOGGED ___ RECEIVED
OCT 23 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## MOTION FOR LEAVE TO TAKE DISCOVERY PURSUANT TO FED.R.2254.P. 6

Comes Now the Petitioner, William A White, and I hereby Move this Court for Leave To Take Discovery from the Respondent and request production of all video relied on by Darrell Huff at the September 15, 2023, DHO hearing of incident #3818575 to support the findings of his December 20, 2023, DHO report. Pursuant To Fed.R.2254.P. 6. In support, I state as follows:

1) On September 15, 2023, Disciplinary Hearing Officer ("DHO") Darrell Huff conducted a DHO hearing for incident #3818575, which charged me with fighting with another inmate by striking the other inmate with closed fists. Doc 7-2 p. 15-18. On that date, Huff claims that he reviewed "archived

-1-

video footage" that supports his finding. Doc 7-2 p.4 para 9-10.

2) Fed. R. 2254 P. 6(a) states, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery." Fed. R. 2254 P. 6(b) states that "[a] party requesting discovery must provide reasons for the request. The request must... specify any documents." "Rule 6(b) of the Rules Governing Section 2254 procedure requires a habeas petitioner to show good cause before he is offered an opportunity for discovery." Quesinberry v. Taylor 162 F3d 273 (4th Cir 1993). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is... entitled to relief." Quesinberry citing Harris v. Nelson 394 US 286 (1969).

3) In Lennear v. Wilson 937 F3d 257 (4th Cir 2019), the Fourth Circuit established a prisoner's right to obtain the video evidence against him when he is contesting a prison disciplinary proceeding. Last year, in Shaw v. Foreman 59 F4th 121 (4th Cir 2023), the Fourth Circuit found that, in a case where a prisoner alleged Due Process violations and retaliatory motive in a prison disciplinary proceeding, that "it defies logic and common sense that summary judgment [is] appropriate when the video evidence - core to Shaw's theory of vindication for the underlying disciplinary offense - ha[s] yet to surface... The fact of the Prison officials' failure to disclose the video is deeply concerning... Prison Officials' failure to provide the disputed video evidence is pro-

foundly powerful circumstantial evidence that perhaps they did retaliate. The Prison Officials' failure to fortify themselves with such a simple and formidable defense" to Shaw's allegations is highly suspect. Shaw, [...]

4) Lennear establishes my right to the video and Shaw establishes that it would be an abuse of discretion for the Court not to order it produced. As in Shaw, Brown's demand that the Court rely on Huff's word for what the video shows—is hearsay—while they withhold the "best evidence, the video, "is highly suspect" and "profoundly powerful circumstantial evidence" that Huff has made a false statement under oath.

5) With my response, I have sworn that the video cannot show me strike the other inmate with my fist because I did not do so. Sworn Declaration Of William A. White ("White Decl.") para 7. I have also sworn that I heard Lieutenant Duran tell Freeman that the video did not show me strike the other inmate and heard Freeman say that she intended to falsify an incident report against me. Doc 1 p. 3 para 7, 9.

6) The United States repeatedly argues that statements by Freeman and Huff, about what the video shows suffice to prove the contents of the video and that no further evidence is necessary. Doc 7 p. 10-14, et al. [...]

7) The Federal Rules Of Evidence apply to habeas proceedings. Fed. R. Evid. 1101;

-3-

Plaster v. United States 720 F2d 340 (4th Cir 1983). The best evidence rule, Fed. R. Evid. 1002, requires that "[a]n original ... recording ... is required" in order to prove its content." United States v. Ivey, 60 F 4th 99 (4th Cir. 2023). The only exception is when an opposing party has control of the recording and fails to produce it. Fed. R. Evid. 1004(c); Ivey.

8) The Respondent's repeated assertions that it can prove the content of the video here, in this court proceeding, by the sworn statement of Huff, the unsworn statement of Freeman, or by any means except producing the video, is frivolous. As long as the Respondent refuses to produce the video, the only statement about the video which is admissible is mine.

9) On Doc 7 p. 19, defense counsel falsely states that my sworn testimony is a set of "bald, conclusory statements". This mis-characterization is false, defense counsel knows better than to do this, and the Court should hold defense counsel accountable for knowingly presenting a frivolous argument.

10) A statement is "conclusory" when it "express[es] a factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary "conclusory" (10th ed 2014). My statement that the video does not show me strike the other inmate is not conclusory. The underlying factual basis is that I didn't strike the other inmate with my fist. White Decl p. 2 para 7. That, in turn, is strong circumstantial evidence that

the video does not show me "strike the other inmate with my fist", just as Respondent's failure to produce the video is similarly "strong circumstantial" evidence. Shaw. And, this is particularly true because, until the video is produced, my sworn statement is the only evidence as to what the video shows. Fed. R. Evid. 1002, 1004(a); Ivey v. ... (...) ...

11) Further, the Court cannot decline to consider my testimony on the grounds that it is self-serving, as "[a]ll testimony is self-serving." Hunt v. Dart, 754 F.Supp 2d 962 (7th Cir 2010). "There is no principal of law precluding evidence on the ground it is self-serving." United States v. Matot, 146 F.2d 197 (2nd Cir 1944). And uncorroborated self-serving testimony is admissible. Jones v. Solomon, 90 F 4th 198 (4th Cir 2024) citing Pfaller v. Amonette, 55 F 4th 436 (4th Cir 2022), Lovett v. Cracker Barrell Old Country Store, Inc 700 Fed Appx 209 (4th Cir 2017), Berry v. Chi. Transit Auth, 618 F.3d 688 (7th Cir 2010), ...

12) Despite having had it previously brought to her attention that these cases are, with one exception, not 28 USC § 2241 cases, and also give no relevant support to her arguments, Respondent's counsel again cites ...

   a) Smallwood v. United States, 2022 US Dist LEXIS 43423 (D Md 2022);
   b) United States v. Jose-Carter, 2021 US Dist LEXIS 104497 (DMd 2021);
   c) Ramey v. United States, 2014 US Dist LEXIS 200705 (DMd 2014);
   d) Quesinberry v. Taylor, 162 F.3d 273 (4th Cir 1998);
   e) Croker v. Stewart, 2015 US Dist LEXIS 151620 (DMd 2015);

-5-

f.) Sears v. White 2013 US Dist LEXIS 42532 (ED NC 2013);

g.) United States v. Lightly 2014 US Dist LEXIS 154229 (D Md 2014);

h.) Byrd v. Hooks 2018 US Dist LEXIS 52547 (WD NC 2018);

i.) Cabbagestalk v. McFadden 2015 US Dist LEXIS 86905 (D SC 2015) (R+R); and,

j.) Christian v. Ballard 2013 US Dist LEXIS 111965 (SDWV 2013).

Doc 7 p. 17-19.

Only Crooker is a 28 USC §2241 case, and it was decided on the basis that the conditions of confinement and denial of medical care claims raised in the petition were not cognizable under §2241. At best, the other cases merely stand for the propositions that the Court may deny discovery for claims that are procedurally barred, inadequately pled, or where the discovery is not relevant to the claims, issues not present here.

13) Respondent does get three citations right, but they don't support her case. The Supreme Court laid out the standard for Fed. R. 2254. P. 6 discovery in Harris v. Nelson 394 US 286 (1969) and affirmed it in Bracy v. Gramley 520 US 899 (1997). The standard is that:

> "where specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the court to provide the necessary facilities and procedure for an adequate inquiry."

Here, obviously, if the video doesn't affirm Huff's testimony, I'm entitled to

-6-

relief.                Respectfully Submitted,

14) The only case Respondent cites that deals with DHO bias is Feather-Gorbey v. Warden, USP-Thomson 2023 US Dist LEXIS 144309 (SD WV 2023), Doc 7, p.19. There, the Court found that the act alleged, ordering re-investigation of an incident report, was not per sé evidence of bias, and, without more, was insufficient to support discovery. Feather-Gorbey. Here, the alleged act, falsification of video evidence, is evidence of bias per se. Edwards v. Balisok 520 US 641 (1997). Thus, Feather-Gorbey is distinguished.

15) I will note that, on Doc 7 p.12-13, the United States cites to three cases that it says show that I received Due Process: Chapman v. Young 2020 US Dist LEXIS 260973 (SD WV 2020) (R+R) accepted sub nom Chapman v. Rich 2022 US Dist LEXIS 178916 (SD WV 2022); King v. Heselbach 2023 US Dist LEXIS 52631 (D Md 2023); and, Smalls v. Kanode 2019 US Dist LEXIS 152752 (WD Va 2019). In at least two of those cases, Chapman and Smalls, the video was produced to the Court and found not to have been falsified.

If the video in this case supports Respondent's position, the refusal to produce it is mystifying. Discovery of the video should be ordered in this case.

-7-

Respectfully Submitted

/s/

William A. White #13888-084
FCI-Cumberland
PO Box 1000
Cumberland, MD 21501

-8-

CERTIFICATE OF SERVICE

I hereby certify that this Motion for Leave to Take Discovery was mailed to the Clerk of the Court and the US Attorney's Office for the District of Maryland, 1st Class Postage Prepaid, this 18th day of October, 2024.

*[signature]*

William A White